806 So.2d 163 (2002)
Patrick J. BERRIGAN, David L. Campbell, Charles K. Reasonover, Ralph E. Smith, Tom W. Thornhill, Christopher Tompkins, and Francis G. Weller, Individually, On their Own Behalf and on Behalf of and in the Name of La Belle Creole Associates,
v.
DEUTSCH, KERRIGAN & STILES, LLP.
No. 2001-CA-0612.
Court of Appeal of Louisiana, Fourth Circuit.
January 2, 2002.
*164 Peter B. Tompkins, James K. Carroll, Gelpi Sullivan Carroll, New Orleans, LA, Counsel for Plaintiff/Appellant.
John M. McCollam, Scott A. O'Connor, Gordon, Arata, McCollam, Duplantis & Eagan, L.L.P., New Orleans, LA, Counsel for Defendant/Appellee, La Belle Creole Associates.
B. Franklin Martin, III, Charles R. Penot, Jr., Edward L. Fenasci, McGlinchey Stafford, New Orleans, LA, Counsel for Defendants/Appellees, Deutsch, Kerrigan & Stiles, L.L.P.
Court composed of Judge STEVEN R. PLOTKIN, Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY.
STEVEN R. PLOTKIN, Judge.
Once a lawyer, always a lawyer; once a litigator, always a litigator. This is true even if it means suing your own former partners. The plaintiffs in this case, Patrick Berrigan, David L. Campbell, Charles K. Reasonover, Ralph E. Smith, Tom W. Thornhill, Christopher Tompkins and Francis G. Weller (hereinafter referred to collectively as "plaintiffs"), are all non-voting *165 partners of defendant, La Belle Creole Associates. They appeal a trial court judgment dismissing their derivative action against defendant Deutsch, Kerrigan & Stiles. For the reasons stated below, we reverse the trial court judgment and remand the case for further proceedings.

Facts
When the New Orleans law firm of Deutsch, Kerrigan & Stiles decided to move from its offices in One Shell Square in the early 1980's, a majority of the firm's partners formed another partnership, La Belle Creole, for the purpose of purchasing two buildings located at 755 Magazine Street. La Belle Creole then leased the buildings to Deutsch, Kerrigan for a 15-year term beginning on December 19, 1983. Following the expiration of the lease term on December 18, 1998, the buildings were sold to Deutsch, Kerrigan, pursuant to an option contained in the lease agreement allowing Deutsch, Kerrigan to purchase the property at fair market value.
Originally, all of the members La Belle Creole Associates, including the plaintiffs, were also general partners in Deutsch, Kerrigan. However, during the ensuing years, the plaintiffs severed their ties with Deutsch, Kerrigan, though they remained partners in La Belle Creole. However, the managing partners of La Belle Creole have at all times remained partners of Deutsch, Kerrigan. Pursuant to a provision in the La Belle Creole partnership agreement, the plaintiffs, who allegedly hold 34 percent of the ownership of in the partnership, were not allowed to vote on La Belle Creole partnership business after they resigned their respective positions as partners in Deutsch, Kerrigan. Thereafter, the plaintiffs instituted an arbitration proceeding seeking damages from certain La Belle Creole partners who had allegedly breached their fiduciary duties by failing to follow and/or enforce the terms of the lease, as required by the La Belle Creole partnership agreement. Specifically, the plaintiffs claimed that the La Belle Creole partners failed to collect rent and other monies due on the lease and improperly sold the buildings to Deutsch, Kerrigan at a price more than $1 million below fair market value.
While the arbitration proceeding was pending, the plaintiffs filed the instant suit on behalf of themselves individually and on behalf and in the name of La Belle Creole against Deutsch, Kerrigan, asserting three separate causes of action in their petition, as follows: (1) a conspiracy claim; (2) a breach of lease claim and (3) a tortious interference claim. Deutsch, Kerrigan filed exceptions of lack of procedural capacity, no cause of action, and no right of action to various portions of the original petition. The trial court denied an exception of no right of action to the conspiracy claim, but granted both an exception of no right of action and an exception of lack of procedural capacity to the breach of lease claim, finding that the plaintiffs lacked the procedural capacity to sue individually for breach of the lease because they were not parties to the lease. Finally, the trial court granted an exception of no cause of action on the tortious interference with contract claim, and granted the plaintiffs 15 days to amend their petition to remove the objections.
The plaintiffs then filed their First Amended Petition, naming La Belle Creole as a nominal defendant in a derivative action on the breach of contract claim, adding another item of alleged damages on the breach of contract claim, deleting their claim for tortious interference with contract, and adding a fraud and collusion claim against Deutsch, Kerrigan and La Belle Creole. Deutsch, Kerrigan and La Belle Creole responded with exceptions of *166 prematurity, nonjoinder of parties, and failure to state a cause of action, arguing that any alleged breaches were approved by La Belle Creole. La Belle Creole also filed a motion to stay the trial court proceeding pending termination of the arbitration action.
The trial court stayed the proceeding, denied the exception of no cause of action, found that the plaintiffs had failed to state fraud with particularity, and held that the derivative claim fell because the plaintiffs had improperly failed to name all the partners in La Belle Creole as nominal defendants. The trial judge also restated his previous finding that the plaintiffs have no individual claims for breach of the lease or conspiracy to breach the lease. The trial judge again gave the plaintiffs 15 days to amend their petition to remove the defects. Despite the stay order, the plaintiffs filed a Second Amended Petition, adding all 16 of the La Belle Creole partners who were not plaintiffs in this action as defendants, and amending their fraud allegations.
The arbitration panel entered its award after the filing of the Second Amended Petition, finding nothing in the record to support any of the plaintiffs' fraud allegations, and that La Belle Creole's managing partners had acted in good faith in trying to resolve issues with Deutsch, Kerrigan. Nevertheless, the panel found that a 1992 oral agreement between Deutsch, Kerrigan and La Belle Creole, waiving equity payments and CPI adjustments, was improper, because it was neither approved by a vote of all La Belle Creole partners nor implemented by a formal amendment to the lease. Accordingly, the arbitration panel awarded the plaintiffs damages to compensate them for their resulting losses. The award was limited, however, by the arbitration panel's finding that the plaintiff's claim sounded in tort, rather than contract, and that the proper prescriptive period was therefore one year.
After the lifting of the stay in this case, Deutsch, Kerrigan again filed peremptory exceptions, arguing that the plaintiffs' claims are barred by both res judicata and the election of remedies doctrine, that plaintiffs failed to state a cause of action, and that plaintiffs were no longer entitled to maintain a derivative action. Although the trial court initially formally denied the motions in a judgment that indicated that he intended to grant them, he eventually reversed his ruling, and granted the exceptions, without reasons for judgment. The plaintiffs appeal, raising four assignments of error:
1. The trial court improperly granted the exception of res judicata.

2. The trial court improperly applied the "election of remedies" doctrine.
3. The trial court improperly found that plaintiffs have no right to assert derivative claims on behalf of La Belle Creole.
4. The trial court erred, if it found that the amended petition contains tortious interference claims.

Res judicata
The plaintiffs claim that the trial judge improperly granted the exception of res judicata for two reasons: (1) no "identity of parties" exists, and (2) exceptional circumstances exist.
Louisiana's law on res judicata, or authority of a thing adjudged, is set forth, in pertinent part, as follows in LSA-R.S. 13:4232:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

*167 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Under the res judicata doctrine, "the formula derived in Louisiana jurisprudence states there must be identity in the two suits as to the thing demanded, the demand must be founded on the same cause of action, and the demand must be between the same parties." Cuccia v. Jefferson Parish School Board, 613 So.2d 1141, 1142 (La.App. 5th Cir.1993). A party urging an exception of res judicata carries the burden of proving the necessary elements listed above by a preponderance of the evidence. Louisiana Workers' Compensation Corp. v. Betz, XXXX-XXXX (La.App. 4 Cir. 4/18/01), 792 So.2d 763, 2001 WL 540769. In fact, res judicata cannot be invoked unless all its essential elements are present and each necessary element has been established beyond all question. Id. The res judicata doctrine must be strictly construed, and that any doubt concerning its applicability is to be resolved against the mover. Humphrey v. Robertson, 97-1742 (La.App. 4 Cir. 3/11/98), 709 So.2d 333, 335.
This court described the res judicata effect of an arbitration award as follows in Bergeron v. Gassen, 185 So.2d 106, 109 (La.App. 4 Cir.1966):
The award of an Arbitrator has the effect of a final judgment of a court of law. It is res judicata and unless grounds are established, in accordance with the Louisiana Arbitration Law, for the vacation, modification or correction of the award, it must be confirmed. Any pending suit by one of the parties, bound by the award and involving the same parties and issues, must be dismissed. LSA-R.S. 9:4214.
(Emphasis added.)
The focus of the plaintiffs' arguments to this court on this issue is that Deutsch, Kerrigan has failed to prove the "identity of parties" requirement of res judicata by a preponderance of the evidence. However, as noted by Deutsch, Kerrigan, the "identity of parties" prerequisite for res judicata does not mean that the parties must be the same physical or material parties, so long as they appear in the same quality or capacity. Greer v. State, 616 So.2d 811, 815 (La.App. 2 Cir. 1993). In fact, the parties are required to be the same "only in the legal sense of the word." Lastie v. Warden, 611 So.2d 721, 723 (La.App. 4 Cir.1992). Thus, the identity of parties requirement is satisfied with the defendant in the new suit is the legal successor to the defendant in the previous suit. Id.
Despite the fact that the parties are required only to be the same "in the legal sense of the word," we find that the "identity of parties" requirement for res judicata is not satisfied in the instant case. The defendants in the arbitration proceeding were the partners of La Belle Creole, while the defendants in the instant action is the law firm of Deutsch, Kerrigan. Although some of the same people might be *168 involved, Deutsch, Kerrigan is not the legal successor to La Belle Creole, nor is it otherwise the same "in the legal sense of the word." Accordingly, we find that the necessary identity of parties does not exist in this case.
Moreover, we find that Deutsch, Kerrigan failed to prove the requirement for a finding of res judicata that the demand must be founded on the same cause of action. The causes of action involved in the instant case are not the same as those decided in the arbitration proceeding. The arbitration proceeding focused on an alleged breach of fiduciary duties by the managing parties of La Belle Creole. A careful reading of the various petitions filed by the plaintiffs in the instant case, in light of the trial judge's judgments on the exceptions to the first and second amending petitions, reveals that the following claims presented by the instant case have never been considered: (1) whether Deutsch, Kerrigan was involved in a conspiracy designed to circumvent or breach the terms of the written lease agreement; (2) whether Deutsch, Kerrigan breached the lease by failing to maintain the building as required by the terms of the lease, by attempting the force La Belle Creole into negotiations outside the lease, and by failing to properly fund payments required by the lease; and (3) whether Deutsch, Kerrigan colluded to commit fraud against plaintiffs. Accordingly, we find no merit in Deutsch, Kerrigan's exception of res judicata.

Election of remedies doctrine
We note that this common law doctrine is discredited in Louisiana; it has never been accepted or favored in Louisiana jurisprudence. Nevertheless, the election of remedies doctrine has been described as follows:
The election of remedies doctrine originates from common law, and has been generally defined as the choice by a party to an action between two or more coexisting remedial rights, where several such rights arise out of the same facts. However, the term has been generally limited to a choice by a party between inconsistent remedial rights, the assertion of one being necessarily repugnant to, or a repudiation of, the other.
Barnco International, Inc. v. Arkla, Inc., 628 So.2d 162, 166 (La.App. 2 Cir.1993). Moreover, the Louisiana Supreme Court has noted that "the common law election of remedies doctrine is inconsistent with the modern procedural concepts embodied in our present code of civil procedure." Giron v. Housing Authority of City of Opelousas, 393 So.2d 1267, 1271 (La.1981).
In addition to the fact that the "election of remedies" doctrine is essentially inapplicable in Louisiana, we find that the doctrine does not apply to the instant case because the plaintiffs' claims against Deutsch, Kerrigan are not inconsistent with their claims against the managers of La Belle Creole in the arbitration proceeding. The arbitration proceeding focused on the alleged breach of fiduciary duty on the part of the La Belle Creole managers in consenting to certain changes in the lease agreement. The arbitration panel found that some of those changes were instituted improperly. The instant case involves allegations concerning Deutsch, Kerrigan's alleged actions designed to induce those changes, as well as other acts of conspiracy and fraud. Accordingly, we find no merit in Deutsch, Kerrigan's exception grounded in the election of remedies doctrine.

Derivative claims
The requirements for a shareholders' derivative action are set forth by La. C.C.P. art 615, which provides as follows:

*169 The petition in a class action brought by a shareholder, partner, or member of a corporation or unincorporated association because it refuses to enforce a right which it may enforce shall:
* * * * * *
(2) Allege with particularity the efforts of the plaintiff to secure from the managing directors, governors or trustees and, if necessary, from the shareholders or members, the enforcement of the right and the reasons for its failure to secure such enforcement; or the reason for not making such an effort to secure enforcement of the right.
However, this court has held that the requirement established by La. C.C.P. art. 615 is waived when a majority of the directors are alleged to be involved in the self-dealing and mismanagement that is the subject of the action. Smith v. Wembley Industries, Inc., 490 So.2d 1107 (La. App. 4 Cir.1986).
In the instant case, the plaintiffs named all 16 remaining La Belle Creole partners in response to the trial judge's ruling on the exceptions to the second amended petition filed by Deutsch, Kerrigan and La Belle Creole. Moreover, the arbitration demand, which was attached to the plaintiffs' original petition, indicates that all of the remaining partners were involved in the alleged wrongdoing on the part of La Belle Creole's management. According, we find no merit in Deutsch, Kerrigan's arguments on this issue.

Tortious interference with contract
The plaintiffs admit that they have no claim against Deutsch, Kerrigan for tortious interference with contract, and deleted that claim in their first amended petition. However, Deutsch, Kerrigan argued to the trial court that the plaintiffs' claims sounding in fraud and collusion were simply tortious interference with contract claims in disguise. The plaintiffs appeal the trial court's granting of Deutsch, Kerrigan's exceptions to the extent that he might have found that their claims are actually tortious interference with contract claims in disguise. However, the trial court judgment does not address this issue.
Deutsch, Kerrigan's arguments on this issue are grounded in their argument that the thrust of all of the plaintiffs' claims are that Deutsch, Kerrigan improperly induced the managing partners of La Belle Creole to change provisions in the lease agreements. However, we find that the plaintiffs' fraud and collusion claims are more than tortious interference with contract claims, but independent claims for which the plaintiffs might be entitled to a remedy if they are able to prove their cause at trial. For example, the plaintiffs claim that Deutsch, Kerrigan induced those changes by committing acts of fraud designed to improve its legal and economic position. Accordingly, we find that the plaintiffs' claims for fraud and collusion should not be dismissed on exceptions.

Conclusion
Accordingly, we reverse the trial court judgment granting Deutsch, Kerrigan's exceptions and remand to the trial court for further proceedings consistent with this decision.
REVERSED AND REMANDED.