STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-323


TRAVCAL PROPERTIES, LLC

VERSUS

GREGORY J. LOGAN, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2009-2231
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

Rudie Ray Soileau, Jr.
Lundy, Lundy, Soileau & South, LLC
P. O. Box 3010
Lake Charles, LA 70602
(337) 439-0707
Counsel for Defendant Appellee:
Gregory J. Logan

Kenneth Warren DeJean
Attorney at Law
P. O. Box 4325
Lafayette, LA 70502
(337) 235-5294
Counsel for Defendant Appellee:
Hit or Miss, LLC

**Francis X. Neuner, Jr.**
**Laborde & Neuner**
**P.O. Box 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**Counsel for Defendant Appellee:**
**William E. Logan  Jr. (Trustee for Sa-Jes)**

**Michael Reese Davis**
**Hymel Davis & Petersen, LLC**
**10602 Coursey Blvd.**
**Baton Rouge, LA 70816**
**(225) 298-8118**
**Counsel for Plaintiff Appellant:**
**Travcal Properties, LLC**

**Camille Bienvenu Poche ̓**
**Babineaux, Poche ̓, Anthony & Slavich**
**P. O. Box 52169**
**Lafayette, LA 70505-2169**
**(337) 984-2505**
**Counsel for Defendant Appellee:**
**Gregory J. Logan**

**Tim P. Hartdegen**
**Hymel Davis & Petersen, LLC**
**10602 Coursey Blvd.**
**Baton Rouge, LA 70816**
**(225) 298-8118**
**Counsel for Plaintiff Appellant:**
**Travcal Properties, LLC**

**Daniel J. Poolson, Jr.**
**Laborde & Neuner**
**P. O. Box 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**Counsel for Defendant Appellee:**
**William E. Logan  Jr. (Trustee for Sa-Jes)**

**SAUNDERS, Judge.**

Herein, we address whether the Calcasieu Parish court abused its discretion in sustaining an exception of lis pendens in favor of the Appellees, Gregory Logan and William Logan. For the following reasons, we find that it did not and affirm the trial court's ruling.

**FACTS AND PROCEDURAL HISTORY:**

At issue before this court is an exception of lis pendens sustained by the trial court in favor of the Appellees, Gregory Logan and William Logan. The matter arises out of a dispute over the management and operation of Hit or Miss, L.L.C. (hereinafter referred to as "Hit or Miss"), a Wyoming limited liability company—specifically, Gregory Logan's status as manager of the company and the authority with which the position carries.

Hit or Miss is owned in equal parts by Travcal Properties, L.L.C. (hereinafter referred to as "Travcal") and The Sa-Jes Trust (hereinafter referred to as "Sa-Jes"). Travcal is a single member Louisiana limited liability company that is owned by Texada Trust and managed by Edwin K. Hunter. Gregory Logan is the initial income beneficiary of Sa-Jes.

The dispute between the parties began when Gregory Logan was notified that he would no longer continue to serve in the role as manager of Hit or Miss. The company's operating agreement stated that Gregory Logan would serve as the initial manager of the company until such time as his successor was elected and qualified.

Legal action commenced on April 9, 2009, when Gregory Logan filed a petition in Lafayette Parish seeking a declaratory judgment confirming his authority to continue to serve as manager of Hit or Miss until such time as a successor manager is elected and qualified. Gregory Logan named Hit or Miss and its two members,

Travcal and William Logan (as trustee of Sa-Jes), as defendants in the original petition.

On May 7, 2009, Travcal filed a derivative suit in Calcasieu Parish alleging various acts of mismanagement and breaches of fiduciary duties by Gregory Logan.

On June 11, 2009, Gregory Logan filed an amended petition in the Lafayette Parish proceeding. In the amended petition, Gregory Logan expanded on the original claim by seeking specific rulings confirming his authority as manager of Hit or Miss and relating to certain actions taken by him in that capacity. Included in the amended petition are requested rulings on the following: (i) that no person other than the duly-appointed manager of Hit or Miss has the right to act for, or on behalf of Hit or Miss, or to take any action enumerated in Section 3.1(b) of the Operating Agreement for or on behalf of Hit or Miss; (ii) that Travcal has no right or authority to take any action by or on behalf of Hit or Miss; and specifically that Travcal had no right or authority to register Hit or Miss to do business in the State of Louisiana, to designate a principal business address in the State of Louisiana or to appoint a registered agent for Hit or Miss in the State of Louisiana; (iii) that Appellee, as the manager of Hit or Miss has authority under the Operating Agreement to establish a working capital reserve for Hit or Miss and to withhold such amounts from distributions to the members of Hit or Miss; and, (iv) that Appellee, as manager of Hit or Miss, properly classified payments made by certain Mexican entities to Hit or Miss as ordinary income on the tax filings of Hit or Miss and on the K-1s issued to the members of Hit or Miss.

William Logan, on June 19, 2009, in response to Gregory Logan's amended petition, filed an answer and cross-claim against Travcal in the Lafayette Parish

proceeding. Among other things, the cross-claim sought a declaratory judgment (i) confirming Gregory Logan as manager of Hit or Miss and confirming that Gregory Logan will continue to serve as manager of Hit or Miss until such time as his successor may be elected and qualified, (ii) declaring that no person other than the duly appointed and qualified manager of Hit or Miss has a right to act for or on behalf of Hit or Miss, (iii) declaring that Gregory Logan, as manager of Hit or Miss, is the sole person to act for and on behalf of Hit or Miss, (iv) declaring that the members of Hit or Miss, in their capacity as members, do not have the authority to act for or on behalf of Hit or Miss.

Travcal responded to the amended petition and cross-claim by filing an exception of lis pendens in the Lafayette parish court. A hearing on the exception was held on August 17, 2009, and the court overruled the exception on August 24, 2009. Thereafter, Travcal requested supervisory writs with this court regarding the August 24, 2009 overruling of its exception of lis pendens. Writs were denied by this court and subsequently by the supreme court.

Gregory Logan and William Logan filed exceptions of lis pendens in Calcasieu Parish related to the May 7, 2009, derivative suit filed by Travcal. A hearing on that exception was held on September 4, 2009, and on September 25, 2009, the Calcasieu Parish court sustained the exception. It is from this ruling that Travcal now appeals.

**APPELLANT'S ASSIGNMENT OF ERROR:**

> The trial court abused its discretion in granting [Appellees'], Hit
> or Miss, L.L.C.'s, and William Logan, Jr.'s exceptions raising the
> objection of lis pendens.

**LAW AND DISCUSSION ON THE MERITS:**

At issue before this court is whether the Calcasieu Parish trial court was correct

in sustaining an exception of lis pendens in favor of Appellees, Gregory Logan and William Logan.

The basis for the exception of lis pendens lies in La.Code Civ.P. art. 531. It reads as follows:

> When two or more suits are pending in a Louisiana court or courts of the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

The article lays out three requirements that must be satisfied in order for a lis pendens exception to be properly sustained. First, there must be two or more suits pending. Second, the suits must involve the same transaction or occurrence. Third, the suits must involve the same parties in the same capacities.

In *Coury Moss, Inc. v. Coury*, 07-1578, p. 4 (La.App. 3 Cir. 4/30/08), 981 So.2d 936, 939-40, *writ denied*, 08-1174 (La. 9/19/08), 992 So.2d 944, this court stated that, "[t]he test for ruling on an exception of lis pendens is to inquire whether a final judgment in the first suit would be res judicata in the subsequently filed suit. *Domingue v. ABC Corp.*, 96-1224, p. 3 (La.App. 4 Cir. 6/26/96), 682 So.2d 246, 248."

Looking to the three requirements laid out by La.Code. Civ.P. art. 531, there is no dispute between the parties that two suits are pending in Louisiana courts and that the Lafayette Parish suit was instituted prior to the Calcasieu Parish suit, nor is there a dispute that Gregory Logan's amended petition relates back to the filing of the original petition. There is also no dispute that the same parties exist in the same capacities in both suits. Thus, the issue comes to rest on whether the two proceedings involve the same transaction or occurrence.

Before we begin our discussion on the transactions or occurrences at the root of the suits at issue, we will address Travcal's argument in brief that the Calcasieu Parish court's sustaining of the lis pendens exception was improper because the initial suit filed was a declaratory judgment. Travcal asserts that because the Lafayette Parish proceeding was a declaratory judgment, as a matter of law, it cannot be res judicata as to the instant suit. We find no merit in this argument and direct attention to this court's decision in *Spallino v. Monarch Sign Co.*, 00-447 (La.App. 3 Cir. 10/11/00), 771 So.2d 784, wherein we found that an eviction suit was barred by an exception of lis pendens because of the existence of a suit seeking declaratory judgment on the ownership of the property.

We now turn our attention to the remaining unresolved prong of La.Code Civ.P. art. 531—whether the two suits arise out of the same transaction or occurrence. There is no one test to determine what constitutes the same "transaction or occurrence." The idea that the expression carries a broad meaning was addressed by this court in *Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc.*, 97-28 (La.App. 3 Cir. 10/29/97), 702 So.2d 1057.

> The term "transaction or occurrence" is used in seven articles of the Code of Civil Procedure. In addition to its use in Article 1061, it is found in Article 425, which deals with preclusion by judgment; it is used in Articles 531 and 532, both dealing with lis pendens; in Article 891, the term enumerates one of the required formalities of a petition; in Article 1071 it defines the parameters of a cross-claim; and in Article 4845, the term helps define the jurisdictional limits of city and parish courts. Another provision, Article 1153, uses the slightly different expression "conduct, transaction, or occurrence" as part of the formula for when an amendment to a pleading relates back for prescription purposes.

> Although none of these articles specifically define the expression "transaction or occurrence," they variously equate the term with "the subject matter of the litigation" (Articles 425 & 891), "the subject matter of the principal action" or "principal demand" (Article 1061 & 4845),

and "the subject matter either of the original action or a reconventional demand or relating to any property that is the subject matter of the original action" (Article 1071). What the transaction or occurrence is that is the subject matter of the litigation, or the principal demand or action, or the original action, has been determined on a case-by-case basis, according to the annotations under these articles.

Some definitions are available, however. Black's Law Dictionary defines "transaction" as, inter alia, "a broader term than 'contract,' " and "a group of facts so connected together as to be referred to by a single legal name; as a crime, a contract, a wrong." Among the definitions of "transaction or occurrence" found in 42 Words and Phrases, Supp. p. 201 (1997), is "whether pertinent facts of different claims are so logically related that issues of judicial economy and fairness mandate that all issues be tried in one suit." The federal courts have given the words "transaction or occurrence" a broad and liberal interpretation in order to avoid a multiplicity of suits. All logically related events entitling a person to institute legal action against another generally are regarded as comprising a "transaction or occurrence." *Lasa Per L'Industria Del Marmo Soc. Per Azioni v. Alexander*, 414 F.2d 143 (6th Cir.1969).

*Id*. at 1060.

In *Hy-Octane*, the court ultimately decided that the transaction or occurrence must be determined on a case-by-case basis. In that case, the court was addressing whether a claim for a breach of contract was a compulsory reconventional demand to a claim for wrongful termination of the same contract. G & B Oil products entered into a motor fuel supply agreement with Hy-Octane Investments. The agreement stated that G & B would be the sole supplier for all of Hy-Octane's motor fuels. Subsequently, Hy-Octane leased its store to another company that ultimately terminated the agreement with G & B. G & B filed suit against Hy-Octane for wrongful termination of the contract. Hy-Octane responded by filing a separate suit against G & B for breach of contract. Ultimately, the court found that the two suits clearly originated from the same transaction or occurrence, the contract.

In the instant case, the Calcasieu Parish court based its ruling, in large part, on the court's holding in *Hy-Octane*. We agree, and we find that the two suits at issue each find their basis rooted in the interpretation of the Hit or Miss operating agreement, the genesis of Gregory Logan's authority as manager of Hit or Miss.

Travcal argues that the material facts and the evidence required in its suit against Gregory Logan are not consistent with those in the Lafayette Parish proceeding and that there is no logical relation between the suits. We disagree. In its suit against Gregory Logan, Travcal asserts various breaches of fiduciary duties, mismanagement and abuse of control of Hit or Miss, wasting of Hit or Miss assets, and breach of contract. Specifically, they argue that the Hit or Miss operating agreement generally prohibits the payment of management fees and that Gregory Logan, in violation of the agreement, paid himself and Edwin K. Hunter such fees. Travcal also makes allegations of improper payments made to Hunter as non-employee compensation, unpaid loans lent to Gregory Logan by Travcal, and failure to make periodic distributions to the members of Hit or Miss.

The Appellees, Gregory and William Logan, argue and we agree that the Hit or Miss operating agreement, specifically section 3.1, creates a logical relationship in the subject matter of the two suits such that there can be little doubt that the two proceedings result from the same transaction or occurrence.

Section 3.1 of the Hit or Miss operating agreement reads as follows:

> Section 3.1. Management by Manager(s). (a) The Company shall be managed by one or more Managers. Gregory J. Logan shall serve as initial Manager of the Company and shall serve until his successor is elected and qualified. (b) Except for situations in which the approval of the Members is required by this Operating Agreement or by non-waivable provisions of applicable law, (i) the powers of the Company shall be exercised by or under the authority of, and the business and

affairs of the company shall be managed under the direction of, the Manager(s); and (ii) the Manager(s) may make all decisions and take all actions for the Company not otherwise provided for in this Operating Agreement, including, without limitation, the following:

(i)    entering into, making, and performing contracts, agreements, and other undertakings binding the Company that may be necessary, appropriate, or advisable in furtherance of the purposes of the Company and making all decisions and waivers thereunder;

(ii)    opening and maintaining bank and investment accounts and arrangements, drawing checks and other orders for the payment of money, and designating individuals with authority to sign or give instructions with respect to those accounts and arrangements;

(iii)    maintaining the assets of the Company in good order;

(iv)    collecting sums due the Company;

(v)    to the extent that funds of the Company are available therefor, paying debts and obligations of the Company;

(vi)    acquiring, utilizing for Company purposes, and disposing of any asset of the Company;

(vii)    borrowing money or otherwise committing the credit of the Company for Company activities and voluntary prepayments or extensions of debt;

(viii)    selecting, removing, and changing the authority and responsibility of lawyers, accountants, and other advisers and consultants;

(ix)    obtaining insurance for the Company;

(c)    Notwithstanding the provisions of Section 3.1(b), the Manager(s) may not cause the Company to do any of the following without complying with the applicable requirements and procedures set forth in the Act:

(i)     sell, lease, exchange or otherwise dispose of (other than by way of a pledge, mortgage, deed or trust or trust indenture) all or substantially all the Company's property and assets (with or without good will), other than in the usual and regular course of the Company's business;

(ii)    be a party to a merger or conversion, and

(iii)   amend or restate the Articles.

The Hit or Miss operating agreement, particularly Section 3.1, establishes the authority of the manager of the company; and, the trial court's requested interpretation of the authority vested in that agreement should resolve the principal issues presented in both proceedings, including the propriety of the actions taken by Gregory Logan as manager of Hit or Miss. We also note that a number of Travcal's claims against Gregory Logan are directly addressed in Logan's amended petition in prayers for relief numbers 4 and 5. Specifically addressed therein is a requested judicial declaration as to the authority of Gregory Logan to establish working capital reserves and to withhold such amounts from distributions and a declaration as to the propriety of the classification on K-1 tax documents of payments made to Hit or Miss by certain Mexican entities. Accordingly, we find that the suits at issue arose out of the same transaction or occurrence and, thus, that the Calcasieu Parish court did not abuse its discretion in sustaining the exception of lis pendens.

**CONCLUSION:**

For the foregoing reasons, we find that the two proceedings at issue arose from the same transaction or occurrence and that the Calcasieu Parish court did not abuse its discretion is sustaining the exception of lis pendens. Accordingly, the judgment of the court is affirmed. All costs of this appeal are to be assessed to the Appellant.

**AFFIRMED.**