STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
11-161


NATHEN BANDARIES

VERSUS

JOANNA V. CASSIDY

**********
APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 83345
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, J. David Painter, and James T. Genovese,
Judges.

**AFFIRMED.**


**Nathen Madro Bandaries**
**M. Claire Trimble**
**P.O. Box 56458**
**New Orleans, LA  70113**
**Counsel for Plaintiff/Appellant:**
        **Nathen Madro Bandaries**


**Billy L. West**
**P.O. Box 1033**
**Nachitoches, LA  71458**
**Counsel for Plaintiff/Appellant:**
        **Nathen Madro Bandaries**


**Fred L. Herman**
**Thomas J. Barbera**
**George W. Jackson, Jr.**
**1010 Common St, Suite 3000**
**New Orleans, LA  70112**
**Counsel for Defendant/Appellee:**
        **Joanna V. Cassidy**

**PAINTER, Judge**.

Plaintiff, Nathen Madro Bandaries, appeals the judgment of the trial court dismissing his suit pursuant to Defendant's exception of lis pendens. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The trial court correctly outlined the facts of this case in written reasons for judgment as follows:

> Nathen Banderies[1], plaintiff/respondent filed the present suit against [] Joanna V. Cassidy, defendant/exceptor, on April 2l, 2010 in the Tenth Judicial District Court in Natchitoches (hereinafter the "10th JDC lawsuit"). The petition alleges that [] Cassidy is indebted to the plaintiff in the amount of $33,744.14. Cassidy allegedly received loans from Bandaries for various items such as repairs on her home, hotel rooms, and airplane flights. Bandaries alleges that the parties entered into an agreement whereby Bandaries would advance money to Cassidy, with the understanding that Cassidy would repay these amounts from proceeds from the sale of a film [] Cassidy was producing.

> Bandaries alleges that, under the agreement, he agreed to and did perform a variety of duties related to [] Cassidy's finances and her film career. Bandaries further alleges that Cassidy has not repaid him; and he seeks reimbursement for these loans. He bases his claim on the legal theory of unjust enrichment.

> However, prior to the filing of the present suit, there were two other suits filed in Civil District Court for the Parish of Orleans (hereinafter sometimes referred to as "CDC"). The first suit (hereinafter the "CDC-1" lawsuit) was filed by Joanna Cassidy against Madro Bandaries, PLC and Madro Bandaries. It was a petition for a declaratory judgment, seeking to have that Court find a certain attorney contract invalid and to determine that certain sums are not due.

> The second lawsuit was filed on March 25, 2010 by Madro Banderies, PLC (a law firm) and Nathen Banderies against Joanna Cassidy also in Civil District Court for the Parish of Orleans (hereinafter the "CDC-2"lawsuit). In the CDC-2 petition, the plaintiffs allege that Nathen Banderies was the defendant's attorney (an allegation absent

---

[1]Nathen Madro Bandaries is an attorney whose law firm is called Madro Bandaries, PLC. Nathen Bandaries, Nathen Madro Bandaries and Madro Bandaries are all the same person. Madro Bandaries, PLC is the law firm formed by him.

from the 10th JDC petition). The suit alleges that the attorney-client contract between the parties provided for venue in Orleans Parish. This contract is also the subject of CDC-1 lawsuit.

These two suits were assigned to two different divisions in the Civil District court for the Parish of Orleans. Cassidy then filed a motion to consolidate the two suits in Orleans Parish. Bandaries, et al, opposed the consolidation and the issue is pending in Civil District court for the Parish of Orleans.

The trial court granted the exception of lis pendens. Plaintiff filed a motion for new trial, which the court denied. This appeal followed.

## DISCUSSION

Lis Pendens

The basis for the exception of lis pendens lies in La.Code Civ.P. art. 531. It reads as follows:

When two or more suits are pending in a Louisiana court or courts of the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

The article lays out three requirements that must be satisfied in order for a lis pendens exception to be properly sustained. First, there must be two or more suits pending. Second, the suits must involve the same transaction or occurrence. Third, the suits must involve the same parties in the same capacities.

In *Coury Moss, Inc. v. Coury,* 07-1578, p. 4 (La.App. 3 Cir. 4/30/08), 981 So.2d 936, 939-40, *writ denied,* 08-1174 (La.9/19/08), 992 So.2d 944, this court stated that, "[t]he test for ruling on an exception of lis pendens is to inquire whether a final judgment in the first suit would be res judicata in the subsequently filed suit. *Domingue v. ABC Corp.,* 96-1224, p. 3 (La.App. 4 Cir. 6/26/96), 682 So.2d 246, 248."

*Travcal Properties, LLC v. Logan*, 10-323, p. 4 (La.App. 3 Cir. 10/6/10), 49 So.3d. 469.

It is without question that two suits are pending. However, Plaintiff disputes the remaining two factors. Therefore, we will examine whether the suits involve the same transaction or occurrence and whether they involve the same parties in the same capacities.

The trial court found as follows: "[B]oth lawsuits concern the **exact same** transaction and occurrence. Both involve the same series of loans by Bandaries to [] Cassidy and Cassidy's refusal to repay those loans. Both lawsuits seek the same amount and both describe the same circumstances leading up to and following the loans."

Although Plaintiff notes that La.Code Civ.P. art. 531 was amended to change the words "cause of action" to "transaction or occurrence," Plaintiff argues that the words "transaction or occurrence" should be interpreted to mean cause of action and cites pre-amendment law to support his argument. We do not agree.

Since the law of res judicata is applicable to determine whether an exception of lis pendens should be granted, we look to La.R.S. 13:4231 to determine what is intended by the terms "transaction or occurrence." That statute provides, in pertinent part that "[i]f the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action." Comment (b) to the statute states that:

> R.S. 13:4231 also changes the law by adopting the principle of issue preclusion. This principle serves the interests of judicial economy by preventing relitigation of the same issue between the same parties. For example, if a plaintiff brings an action against a defendant to recover for injuries sustained in an automobile accident, the judgment rendered in that action would preclude relitigation of any issue raised in a subsequent action brought by defendant against plaintiff to recover for his injuries sustained in the same accident provided that the issue had

3

been actually litigated and essential to the judgment, e.g., fault of either party. This proviso insures that the issue would have been fully developed by the parties in the first action and makes it fair to hold the parties bound to that initial determination. Because a judgment rendered in the plaintiff's action can also have preclusive effect on an action by the defendant, Code of Civil Procedure Article 1061 has been amended to require the defendant to assert by reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.

Applying this rule to the action before us, all causes of action arising out of the transaction or occurrence that is the basis of the suit are subject to challenge for lis pendens, regardless of whether the claim is made on the basis of unjust enrichment, contract, or other cause of action arising out of the same occurrence. Further, the same issues must be litigated in both actions. Accordingly, we find that the trial court correctly found that both suits arise out of the same transaction or occurrence.

We next consider whether the suits involve the same parties in the same capacities. Originally, the CDC suit opened with the following statement: "NOW INTO COURT, through undersigned counsel come MADRO BANDARIES, PLC, a Louisiana Professional Law Corporation, domiciled in Orleans Parish, Louisiana, and Nathen Bandaries, a stockholder of same, who is also a resident of the Parish of Orleans, of the age of majority . . . ." However, shortly before the hearing on the exception of lis pendens, the CDC suit was amended to state: "Madro Bandaries, PLC, a Louisiana Law Corporation, through its managing partner, appearing herein as a corporate officer, only, of Madro Bandaries PLC . . ."

Plaintiff asserted at the hearing on the exception of lis pendens and reasserts to this court that this amendment served to distinguish the parties in the CDC action sufficiently from the parties in the 10th JDC action to preclude the grant of the exception of lis pendens.

4

The "identity of parties" prerequisite for res judicata does not mean that the parties must be the same physical or material parties, so long as they appear in the same quality or capacity. *Berrigan v. Deutsch, Kerrigan & Stiles, L.L.P.*, 01-612, p. 6 (La.App. 4 Cir. 1/2/02), 806 So.2d 163, 167. The only requirement is that the parties be the same "in the legal sense of the word." *Id.* at p. 6, 806 So.2d at 167.

*Coury Moss, Inc.,* 981 at 940.

In *La. Cotton Ass'n Workers' Comp. Group Self-Ins. Fund v. Tri-Parish Gin Co., Inc.*, 624 So.2d 461, 464 (La.App. 2 Cir. 1993), the court explained that "where the parties not only share the same quality as parties but, in essence, their identities are virtually merged into one, . . . the parties are the same for the purposes of lis pendens." In both the CDC and the 10th JDC cases, Plaintiffs are attempting to collect the same debt resulting from the same transactions from the same defendant. Plaintiff in one case is a law firm owned and operated by Plaintiff in the other case. We find that the parties not only share the same quality as parties, but they are virtually, if not actually, merged into one. Therefore, the trial court correctly found that the suits involve the same parties in the same capacities.

New Trial

Plaintiff asserts that the trial court erred in denying his motion for new trial on the basis that the amendment of the CDC suit removed the basis for the exception of lis pendens. Having previously found that the amendment was not a bar to the exception, we find no merit in this assignment of error.

**CONCLUSION**

For the reasons set forth herein, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff/Appellant.

**AFFIRMED.**

5