# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 11-1267

NATHAN MADRO BANDARIES

VERSUS

JOANNA CASSIDY

\*\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
## NATCHITOCHES CITY COURT
## PARISH OF NATCHITOCHES, NO. 25,946-10
## HONORABLE FRED S. GAHAGAN, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JAMES T. GENOVESE
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED AND RENDERED.**

**Nathan Madro Bandaries**
**M. Claire Trimble**
**Madro Bandaries, PLC**
**Post Office Box 56458**
**938 Lafayette Street, Suite 204**
**New Orleans, Louisiana 70113**
**(504) 218-4815**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
  **Nathan Madro Bandaries**

**Billy L. West**
**Post Office Box 1033**
**Natchitoches, Louisiana 71458-1033**
**(318) 352-7300**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Nathan Madro Bandaries**

**Fred L. Herman**
**Thomas J. Barbera**
**Mayra L. Scheuermann**
**1010 Common Street, Suite 3000**
**New Orleans, Louisiana 70112**
**(504) 581-7068**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Joanna Cassidy**

**J. Chris Guillet**
**Corkern, Crews, & Guillet**
**616 Front Street**
**Natchitoches, Louisiana 71457**
**(318) 352-2302**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Joanna Cassidy**

**GENOVESE, Judge.**

Plaintiff, Nathan Madro Bandaries, appeals the trial court's judgment dismissing his lawsuit against Defendant, Joanna Cassidy, pursuant to an exception of *lis pendens*, and ordering Mr. Bandaries to pay $2,500.00 in sanctions to Ms. Cassidy plus costs. Ms. Cassidy has answered the appeal seeking damages for frivolous appeal. For the following reasons, we affirm and render.

## FACTS AND PROCEDURAL HISTORY

Mr. Bandaries filed a Petition Seeking Return of Funds Advanced to Defendant to Maintain Her Real Property, in the Natchitoches Parish City Court, naming Ms. Cassidy as a Defendant. Ms. Cassidy responded with an Exception of Lis Pendens and Motion for Sanctions wherein she asserted:

> That the sums prayed for in the instant suit are already at issue in a case between the same parties herein pending in the Civil District Court for the Parish of Orleans, namely, *Madro Bandaries v. Joanna Cassidy*, No. 2010-2840, Division "E" c/w *Joanna Cassidy v. Madro Bandaries*, No. 2010-2781, Division "I." (hereinafter "CDC suit"). Additionally, the sums prayed for in the instant suit were also prayed for in *Bandaries v. Cassidy*, 10th JDC No. 83345, Section "B", (hereinafter "10th JDC suit"), however, that case was dismissed on an Exception of Lis Pendens.

Additionally, in support of her request for sanctions, Ms. Cassidy asserted that "[t]his lawsuit constitutes an abuse of process as it is clearly intended to harass and impoverish Ms. Cassidy" contending that these actions justified the imposition of sanctions against Mr. Bandaries.

Following a hearing on November 10, 2010, the trial court sustained Ms. Cassidy's exception of *lis pendens*, dismissed the claims asserted against her, and ordered Mr. Bandaries to pay her $2,500.00 in sanctions plus costs.

## ASSIGNMENTS OF ERROR

On appeal, Mr. Bandaries asserts that the trial court erred in sustaining Ms. Cassidy's exception of *lis pendens* and in imposing sanctions against him. In her Answer to Appeal, Ms. Cassidy seeks an award of damages for frivolous appeal.

## LAW AND DISCUSSION

### *Lis Pendens*

The basis for an exception of *lis pendens* is La.Code Civ.P. art. 531, which provides:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

Thus, three requirements must be satisfied for dismissal of a suit pursuant to an exception of *lis pendens*. "First, there must be two or more suits pending. Second, the suits must involve the same transaction or occurrence. Third, the suits must involve the same parties in the same capacities." *Travcal Properties, LLC v. Logan*, 10-323, p. 4 (La.App. 3 Cir. 10/6/10), 49 So.3d 466, 469.

In the instant matter, Mr. Bandaries admits in his brief to this court that he does not dispute the fact that two suits are pending. The two suits are the present action and the CDC suit. We note that at the time the present exception of *lis pendens* was granted, the trial court made reference to the 10th JDC suit. That suit had been dismissed by the Tenth Judicial District Court pursuant to an exception of *lis pendens*, but was on appeal and not yet definitive. That judgment has since been affirmed by this court in *Bandaries v. Cassidy*, 11-161 (La.App. 3 Cir.

2

6/1/11), 66 So.3d 564.  As a reviewing court, we must consider the exception of "*lis pendens* in the procedural and factual climate that exists at the time of review, rather than at the time of the trial court judgment." *Am. Nat'l Gen. Ins. Co. v. Howard*, 07-1527, p. 4 (La.App. 3 Cir. 4/30/08), 981 So.2d 863, 866 (quoting *Brooks Well Servicing, Inc. v. Cudd Pressure Control, Inc.*, 36,723, p. 6 (La.App. 2 Cir. 6/27/03), 850 So.2d 1027, 1031, *writ denied*, 03-2606 (La. 12/12/03), 860 So.2d 1157).  Therefore, when considering the remaining two requirements of La.Code Civ.P. art. 531, we shall do so relative to the instant action and the CDC suit.

Mr. Bandaries argues that "the 'same transaction or occurrence' requirement of the law suit at issue and the [CDC] suit are not met[.]"  He argues that "the two actions **rest entirely on separate and distinct causes of action,** thus barring *lis pendens*."  Mr. Bandaries notes that by virtue of an amendment of his pleadings in the CDC suit, that suit is limited to a claim for legal services rendered, while in this action the claims arise in tort.

The trial court, in its Reasons for Judgment, stated as follows:

> There is no question that both [the CDC suit and the 10th JDC suit] were between the same parties and were based on the same transactions or occurrences as this lawsuit in Natchitoches City Court.  Based on the [P]laintiff's allegations in the three lawsuits, Mr. Bandaries began to assist Ms. Cassidy both as a lawyer and a friend both with advice and with money in February, 2009.  This dual assistance continued until February or March 2010.  The [CDC suit, the 10th JDC suit,] and the instant suit all request a money judgment from the [D]efendant for the alleged financial assistance given by [P]laintiff to [D]efendant during the time period described above. The specific sums sought in this City Court lawsuit were also prayed for in the other two.

Both the trial court and this court reached the same conclusion when considering the exception of *lis pendens* filed in the 10th JDC suit.  When addressing the issue of "the same transaction or occurrence" this court opined:

3

The trial court found as follows: "[B]oth lawsuits concern the *exact same* transaction and occurrence. Both involve the same series of loans by Bandaries to [ ] Cassidy and Cassidy's refusal to repay those loans. Both lawsuits seek the same amount and both describe the same circumstances leading up to and following the loans."

. . . .

Since the law of res judicata is applicable to determine whether an exception of lis pendens should be granted, we look to La.R.S. 13:4231 to determine what is intended by the terms "transaction or occurrence." That statute provides, in pertinent part that "[i]f the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action." Comment (b) to the statute states that:

> R.S. 13:4231 also changes the law by adopting the principle of issue preclusion. This principle serves the interests of judicial economy by preventing relitigation of the same issue between the same parties. For example, if a plaintiff brings an action against a defendant to recover for injuries sustained in an automobile accident, the judgment rendered in that action would preclude relitigation of any issue raised in a subsequent action brought by defendant against plaintiff to recover for his injuries sustained in the same accident provided that the issue had been actually litigated and essential to the judgment, e.g., fault of either party. This proviso insures that the issue would have been fully developed by the parties in the first action and makes it fair to hold the parties bound to that initial determination. Because a judgment rendered in the plaintiff's action can also have preclusive effect on an action by the defendant, Code of Civil Procedure Article 1061 has been amended to require the defendant to assert by reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.

Applying this rule to the action before us, all causes of action arising out of the transaction or occurrence that is the basis of the suit are subject to challenge for lis pendens, regardless of whether the claim is made on the basis of unjust enrichment, contract, or other cause of action arising out of the same occurrence. Further, the same issues must be litigated in both actions. Accordingly, we find that the trial court correctly found that both suits arise out of the same transaction or occurrence.

4

*Bandaries*, 66 So.3d at 566-67.

We reach the same conclusion herein.  Each of these suits arises from the same interactions between Mr. Bandaries and Ms. Cassidy.  In each, Mr. Bandaries seeks recompense for monies he allegedly loaned to Ms. Cassidy for which he has not been repaid.  We agree with Ms. Cassidy that "[t]he sums sought in [this] City Court case are merely a subset of those sought in the CDC and 10th JDC cases."  Mr. Bandaries' effort to distinguish this suit from the CDC suit by limiting the type of relief sought does not defeat *lis pendens*.  *Spallino v. Monarch Sign Co.*, 00-447 (La.App. 3 Cir. 10/11/00), 771 So.2d 784.  Clearly, the instant litigation and that in the CDC suit involve "the same transaction or occurrence."

Lastly, Mr. Bandaries contends that the two suits do not involve "the same parties in the same capacities."  He argues that "[i]n the Orleans suit, [he] appears in his capacity as an agent of a profession [sic] law corporation," whereas in this suit he "is an individual[;]" thus, the identity of parties requirement is not met. We disagree.

> Identity of parties does not mean the parties must be the same physical or material parties, but they must appear in the suit in the same quality or capacity. *Morris v. Haas*, 95-75 (La.App. 5 Cir. 5/30/95), 659 So.2d 804, 810, *writ denied*, 95-2519 and 95-2545 (La.12/15/95), 664 So.2d 441.

> > [T]he preclusive effect of a judgment binds the parties to the action and nonparties who are deemed the "privies" of the parties in these limited circumstances:  (1) the nonparty is the successor in interest of a party; (2) the nonparty controlled the prior litigation; or (3) the nonparty's interests were adequately represented by a party to the action who may be considered the "virtual representative" of the nonparty because the interests of the party and the nonparty are so closely aligned. . . . The concepts of control and virtual representation are narrowly construed and are not satisfied merely by showing that the party and the nonparty have common or

5

parallel interests in the factual and legal issues presented in the respective actions.

*Hudson v. City of Bossier*, 33,620 (La.App. 2 Cir. 8/25/00), 766 So.2d 738, 743-744, *writ denied*, 00-2687 (La.11/27/00), 775 So.2d 450.

The application of res judicata does not require that the parties be actually the same physical parties, but only that they be the same parties in the legal sense of the word.

*United Gen. Title Ins. Co. v. Casey Title, Ltd*, 01-600, pp. 10-11 (La.App. 5 Cir.

10/30/01), 800 So.2d 1061, 1067.

We further note that this argument was also raised by Mr. Bandaries in the

10th JDC suit. Addressing the identity of parties requirement under La.Code

Civ.P. art. 531 in that suit, we opined on appeal:

Plaintiff asserted at the hearing on the exception of lis pendens and reasserts to this court that this amendment served to distinguish the parties in the CDC action sufficiently from the parties in the 10th JDC action to preclude the grant of the exception of lis pendens.

The "identity of parties" prerequisite for res judicata does not mean that the parties must be the same physical or material parties, so long as they appear in the same quality or capacity. *Berrigan v. Deutsch, Kerrigan & Stiles, L.L.P.*, 01-612, p. 6 (La.App. 4 Cir. 1/2/02), 806 So.2d 163, 167. The only requirement is that the parties be the same "in the legal sense of the word." *Id.* at p. 6, 806 So.2d at 167.

*Coury Moss, Inc.* [*v. Coury*, 07-1578, pp. 4-5 (La.App. 3 Cir. 4/30/08), 981 So.2d 936, 940, *writ denied*, 08-1174 (La. 9/19/08), 992 So.2d 944].

In *La. Cotton Ass'n Workers' Comp. Group Self-Ins. Fund v. Tri-Parish Gin Co., Inc.*, 624 So.2d 461, 464 (La.App. 2 Cir.1993), the court explained that "where the parties not only share the same quality as parties but, in essence, their identities are virtually merged into one, . . . the parties are the same for the purposes of lis pendens." In both the CDC and the 10th JDC cases, Plaintiffs are attempting to collect the same debt resulting from the same transactions from the same defendant. Plaintiff in one case is a law firm owned and operated by Plaintiff in the other case. We find that the parties not only share the same quality as parties, but they are virtually, if not actually, merged into one. Therefore, the trial court correctly found that the suits involve the same parties in the same capacities.

6

*Bandaries*, 66 So.3d at 567-68.

Again, we reach the same conclusion herein. Although Mr. Bandaries distinguishes his appearance in his personal capacity from his appearance in his capacity as an agent of the law firm, it remains true that "they are virtually, if not actually, merged into one." Mr. Bandaries appears "in the same quality or capacity" in both suits despite his efforts to circumvent the identity of parties requirement of La.Code Civ.P. art. 531 so as to defeat another exception of *lis pendens*.

Based on the record, we find no error in the trial court's dismissal of the present action on the grounds of *lis pendens*. The CDC suit was pending at the time the instant matter was filed in Natchitoches City Court. Both suits involve the same transaction or occurrence and involve the same parties in the same capacities. For these reasons, we affirm the trial court's dismissal of the present action pursuant to the exception of *lis pendens*.

**Sanctions**

Mr. Bandaries asserts on appeal that the trial court erred in awarding $2,500.00 in sanctions. He argues that "he was not barred from filing another suit as the 'dismissed suit' [(the 10[th] JDC suit)] used for *lis pendens* purposes was dismissed without prejudice." Because he was not procedurally precluded from filing the instant action, he concludes "there can be no sanctionable activity."[1] We disagree.[2]

---

[1] In an effort to persuade this court that sanctions were not warranted, Mr. Bandaries, in his brief to this court, also references a hearing on a motion to recuse the trial court judge. He states that "the transcript of the recusal hearing casts a pall on these proceedings" and contends that "[t]hey should be reviewed and weight given to any effect they may have had on the trial court's decision in casting [him] with sanctions." First, this court notes that the motion to recuse was filed, and the hearing was subsequently held after the imposition of sanctions by the trial court. Second, we note that Mr. Bandaries' motion to recuse was denied, and he did not appeal that ruling. That matter is not before this court, and neither the grounds for that motion

7

In its Reasons for Judgment, the trial court discussed the exception of *lis pendens* which was granted in the 10th JDC suit; however, its imposition of sanctions was not based upon the disposition of that action. To the contrary, the trial court expressly noted that "[i]t is also clear from the various pleadings in this matter that there is much more going on in a personal way, either between [Mr. Bandaries] and [Ms. Cassidy] or [Mr. Bandaries], as a lawyer, and the lawyers for [Ms. Cassidy], than merely trying to get a money judgment." The trial court then held "that [Mr.] Bandaries violated [La.Code Civ.P. art. 863] and that the petition in this matter was filed against [Ms. Cassidy] for the improper purpose of harassment and to increase her legal costs."

Louisiana Code of Civil Procedure Article 863 provides:

> A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
>
> B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge,

nor the testimony or other evidence adduced at the hearing are relevant to the present appeal. Thus, Mr. Bandaries' discussion of same in his brief to this court is improper, and it is not considered by this court in its review of the imposition of sanctions by the trial court. Additionally, this court will not "factor[]" into its decision any "personal animosity" that may exist between counsel as is also urged by Mr. Bandaries in support of his contention that sanctions were not warranted. Any such information is outside of the record of these proceedings, and it is not considered by this court. "Appellate briefs are not part of the record, and this court has no authority to consider on appeal facts referred to in such briefs or in exhibits containing matters outside the record." *Haulcy v. Saint Gobain Containers*, 39,405, p. 3 (La.App. 2 Cir. 3/9/05), 895 So.2d 803, 805-06 (citing *Martin v. Comm-Care Corp.*, 37,600 (La.App. 2 Cir. 10/16/03), 859 So.2d 217, *writ denied*, 03-3188 (La. 2/6/04), 866 So.2d 225).

[2] See for example, *Hester v. Hester*, 97-1326, p. 9 (La.App. 4 Cir. 2/11/98), 708 So.2d 462, 466, wherein it was argued that "[b]ecause a second motion for summary judgment was neither procedurally improper nor substantively precluded by a prior binding judgment, . . . the imposition of sanctions was an abuse of discretion and unsupported by the record." Rejecting this argument, the fourth circuit stated that it did not "find anything in the language of Article 863 or in the jurisprudence that supports [the] argument that the article provides for sanctions only when a litigant files a pleading that is expressly prohibited." *Id.*

information, and belief formed after reasonable inquiry, he certifies all of the following:

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.

G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.

The standard of appellate review of the imposition of sanctions is that of abuse of discretion. *Bentley v. Fanguy*, 09-822 (La.App. 3 Cir. 10/6/10), 48 So.3d 381, *writ*

9

*denied*, 10-2854 (La. 2/25/11), 58 So.3d 457 (citing *Collins v. Ferrellgas, Inc.*, 96-810 (La.App. 3 Cir. 2/5/97), 689 So.2d 569). While we recognize that sanctions are not to be imposed lightly, we find no abuse of the trial court's discretion in the imposition of $2,500.00 in sanctions in the present case. Accordingly, we affirm the judgment of the trial court ordering Mr. Bandaries to pay $2,500.00 in sanctions to Ms. Cassidy.

**Answer to Appeal**

In her Answer to Appeal, Ms. Cassidy seeks damages for the filing of a frivolous appeal pursuant to La.Code Civ.P. art. 2164, which provides:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

"Damages for frivolous appeals, like sanctions at the trial court level, are utilized to curtail the filing of appeals that are intended to delay litigation, harass another party, or those that have no reasonable basis in fact [or] law." *Johnson v. Johnson*, 08-60, p. 5 (La.App. 4 Cir. 5/28/08), 986 So.2d 797, 801, *writ not considered*, 08-1418 (La. 10/3/08), 992 So.2d 1001. Although we are mindful that La.Code Civ.P. art. 2164 must be strictly construed, "[f]rivolous appeal damages will be awarded if the appellant is trying to 'delay the action' or 'if the appealing counsel does not seriously believe the law he or she advocates.' *Hester v. Hester*, 97-2009, p. 5 (La.App. 4 Cir. 6/3/98), 715 So.2d 43, 46." *Johnson*, 986 So.2d at 801. Additionally, "[a]n appeal may also be deemed frivolous if it does not present a 'substantial legal question.' *Tillmon v. Thrasher Waterproofing*, 00-0395, p. 8 (La.App. 4 Cir. 3/28/01), 786 So.2d 131, 137." *Johnson*, 986 So.2d at 801.

Mr. Bandaries, who is an attorney, brought the instant action based on the same facts that were already the subject of two lawsuits which Ms. Cassidy was having to defend. One of those suits was dismissed on an exception of *lis pendens*, which for the most part was the same in substance as that asserted herein. Moreover, that dismissal was the subject of a prior opinion of this court in which we affirmed the dismissal. Notwithstanding, when the trial court granted the exception of *lis pendens* which was again raised in this action, Mr. Bandaries again appealed. Considering the foregoing, we find Mr. Bandaries' actions in filing the present appeal to be delusive and disingenuous. It is readily apparent that his motivation is for no other purpose than to harass Ms. Cassidy and to cause her needless incurrence of additional legal expenses. Accordingly, pursuant to La.Code Civ.P. art. 2164, we find Mr. Bandaries' appeal to be frivolous and that Ms. Cassidy is entitled to an award of damages for the filing of a frivolous appeal as prayed for.

## **DECREE**

For the reasons assigned, the judgment of the trial is affirmed. Additionally, we render judgment herein in the amount of $2,500.00 in favor of Joanna Cassidy and against Nathan Madro Bandaries for the filing of a frivolous appeal. All costs of these proceedings are assessed to Nathan Madro Bandaries.

**AFFIRMED AND RENDERED.**