# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #063

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **9th day of December, 2014**, are as follows:

**PER CURIAM**:

2014-B -1435     IN RE: MADRO BANDARIES (Disciplinary Board)

Upon review of the findings and recommendations of the hearing
committee and disciplinary board, and considering the record,
briefs, and oral argument, it is ordered that Madro Bandaries,
Louisiana Bar Roll number 25339, be and he hereby is publicly
reprimanded.  All costs and expenses in the matter are assessed
against respondent in accordance with Supreme Court Rule XIX, §
10.1, with legal interest to commence thirty days from the date
of finality of this court's judgment until paid.

VICTORY, J., dissents, and would impose a harsher sanction on
respondent.
WEIMER, J., dissents and assigns reasons.

SUPREME COURT OF LOUISIANA

NO. 14-B-1435

IN RE: MADRO BANDARIES

ATTORNEY DISCIPLINARY PROCEEDINGS

PER CURIAM

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Madro Bandaries,[1] an attorney licensed to practice law in Louisiana.

**UNDERLYING FACTS**

On February 3, 2009, respondent and Joanna Cassidy entered into a "Legal Engagement and Retainer Agreement," which purported to be an agreement for the representation of Ms. Cassidy in certain legal and business matters. The retainer agreement contained a provision that if there was "any dispute" between respondent and Ms. Cassidy, "the proper venue for litigation would be the Parish of Orleans, State of Louisiana." Thereafter, respondent began making monetary advances to Ms. Cassidy for a variety of purposes, including travel and the payment of her mortgage note and other expenses relating to a residence she maintained in Natchitoches, Louisiana. These advances ultimately totaled more than $33,000.

In February 2010, the relationship between respondent and Ms. Cassidy ended, and respondent, relying upon the retainer agreement, demanded repayment of the advances he had made. Ms. Cassidy then engaged the services of New

---

[1] Respondent's full name is Nathaniel (Nathen) Madro Bandaries.

Orleans attorney Fred Herman to represent her interests in the termination of the retainer agreement.[2] Mr. Herman prepared and filed a Petition for Declaratory Relief on behalf of Ms. Cassidy, asserting that the "Legal Engagement and Retainer Agreement" was invalid; that the parties had never intended for there to be an attorney-client relationship between them; and that no amounts were due by Ms. Cassidy pursuant to the retainer agreement. Ms. Cassidy's petition was filed on March 23, 2010 in the Orleans Parish Civil District Court. *Joanna Cassidy v. Madro Bandaries, PLC and Madro Bandaries*, No. 10-2781, Division "I."

On the next day, March 24, 2010, and prior to any service of Ms. Cassidy's suit on respondent or his law firm, attorney Edward Moreno, on behalf of and at the direction of respondent, filed a petition captioned *Madro Bandaries, PLC and Nathen Bandaries v. Joanna V. Cassidy*, No. 10-2840 on the docket of the Orleans Parish Civil District Court, Division "E." This petition was styled as "Plaintiffs' Original Complaint for Return of Advances Made to Defendant." The petition referred to the February 3, 2009 retainer agreement between respondent and Ms. Cassidy and demanded reimbursement of advances made to her or on her behalf totaling $33,744.14. Plaintiffs subsequently filed a motion to dismiss this lawsuit without prejudice, which was granted by order dated May 20, 2010. However, on May 28, 2010, the voluntary dismissal was vacated on motion of Ms. Cassidy. Plaintiffs then amended the petition to seek recovery only of legal fees which respondent contended Ms. Cassidy owed for services rendered. On July 14, 2010, the two Orleans Parish cases were consolidated before Judge Piper Griffin.[3]

---

[2] Respondent and Mr. Herman have been adversaries in litigation in the past. Respondent asserts that Ms. Cassidy was well aware of the "personal animosity" between the two lawyers when she retained Mr. Herman to file suit against him. Furthermore, at approximately the same time, Ms. Cassidy also engaged the services of Baton Rouge attorney Julie White to assist her in filing a disciplinary complaint against respondent.

[3] At the time of the hearing in this matter, the consolidated cases were still pending, with a trial date set in May 2014. Prior to trial, the parties filed a joint motion seeking to dismiss the consolidated cases with prejudice, each party to bear their own costs. Judge Griffin signed the order of dismissal with prejudice on March 25, 2014.

In the meantime, three lawsuits were filed against Ms. Cassidy in the 10th Judicial District Court for the Parish of Natchitoches and in the Natchitoches City Court. The ODC alleges that each of the Natchitoches suits raised legal and factual arguments that were essentially identical to those which respondent had already raised in the Orleans Parish case.

In the petition filed in *Nathen Bandaries v. Joanna Cassidy*, No. 83345 on the docket of the 10th JDC (filed April 19, 2010), respondent omitted specific reference to the February 3, 2009 retainer agreement; however, pleading theories of breach of contract and unjust enrichment, he demanded reimbursement of the identical sum, $33,744.14, sought in the lawsuit filed in Orleans Parish. This suit was dismissed by the trial court, Judge Dee Hawthorne presiding, who over respondent's objection granted Ms. Cassidy's exception of *lis pendens* on July 19, 2010. All costs were assessed against respondent. Respondent filed a motion for new trial on July 22, 2010, which was denied by Judge Hawthorne following a hearing. All costs were again assessed against respondent. Respondent then appealed the trial court's judgment. On June 1, 2011, the court of appeal affirmed and assessed all costs of the appeal against respondent. *Bandaries v. Cassidy*, 11-161 (La. App. 3rd Cir. 6/1/11), 66 So. 3d 564.

In *Echelon, Inc. v. Joanna Cassidy*, No. 25,776-10 on the docket of the Natchitoches City Court (filed May 26, 2010), styled as "Petition Seeking Return of Funds," the plaintiff corporation[4] alleged that Ms. Cassidy had withdrawn the sum of $1,958.32 from a bank account without authorization and converted the funds to her own use. Ms. Cassidy filed an exception of *lis pendens* and a motion to transfer the case to the 10th JDC, both of which were denied by the trial court, Judge Fred Gahagan presiding. Following a trial on September 21, 2010, Judge

---

[4] According to an affidavit attached to the petition, respondent is the president of Echelon.

3

Gahagan dismissed the suit and assessed all costs against Echelon.[5] Echelon appealed; however, the appeal was abandoned and, by agreement of Echelon, was dismissed by the trial court. Ms. Cassidy then filed a motion and order to tax costs. On May 9, 2011, Judge Gahagan signed a judgment assessing Echelon with costs in the amount of $1,017.81. Echelon moved for reconsideration of the judgment taxing costs or an appeal of that judgment on May 18, 2011. Judge Gahagan granted an order of appeal the following day. On April 4, 2012, the court of appeal affirmed the trial court's judgment assessing costs to Echelon and amended the judgment to award damages for frivolous appeal in the amount of $2,500 payable to Ms. Cassidy. Costs of the appeal were assessed against Echelon. Echelon sought review in this court, but its writ was denied. *Echelon, Inc. v. Joanna Cassidy*, 11-1517 (La. App. 3rd Cir. 4/4/12), 90 So. 3d 559 (not designated for publication), *writ denied*, 12-1014 (La. 6/22/12), 91 So. 3d 975.

In *Nathen Madro Bandaries v. Joanna Cassidy*, No. 25,946-10 on the docket on the Natchitoches City Court (filed August 23, 2010), styled as "Petition Seeking Return of Funds Advanced to Defendant to Maintain Her Real Property," respondent demanded reimbursement of $10,000 he had advanced to Ms. Cassidy for the payment of her mortgage note and other expenses relating to her residence in Natchitoches. The allegations regarding this advance were also contained in the Orleans Parish lawsuit filed by respondent in March 2010 and in the 10th JDC suit filed in April 2010. The suit was dismissed by Judge Gahagan, who over respondent's objection granted Ms. Cassidy's exception of *lis pendens* on November 15, 2010. Judge Gahagan also ordered respondent to pay $2,500 as a sanction under La. Code Civ. P. art. 863 for filing the lawsuit for improper

---

[5] In written reasons for judgment, Judge Gahagan concluded that Echelon presented "absolutely no evidence" at trial proving its ownership of the disputed funds, which had been transferred from a bank account in the name of respondent's law firm into a bank account owned by Ms. Cassidy.

4

purposes. Respondent's motion for appeal was denied as untimely on December 6, 2010. Respondent then moved for reconsideration of the order denying the motion for appeal. While the motion for reconsideration was pending, respondent filed a motion to recuse Judge Gahagan, alleging that his rulings were based upon "extrajudicial knowledge of facts/circumstances not in the record." Following a hearing, the motion to recuse was denied by Judge Eric Harrington of the 10th JDC. Thereafter, respondent was granted a suspensive appeal of the judgment dismissing the suit and ordering the $2,500 sanction. On March 8, 2012, the court of appeal affirmed the trial court's judgment in all respects, and also sanctioned respondent an additional $2,500 for filing a frivolous appeal. Respondent sought review in this court, but his writ was denied. *Bandaries v. Cassidy*, 11-1267 (La. App. 3rd Cir. 3/7/12), 86 So. 3d 125, *writ denied*, 12-0780 (La. 5/25/12), 90 So. 3d 412.

Finally, on September 27, 2010, respondent filed a petition for damages against Ms. Cassidy's business agent, Bernard Gilhuly, a resident of California. *Nathen Bandaries v. Bernard L. Gilhuly*, No. 10-9924 on the docket of the Orleans Parish Civil District Court. The ODC alleges that the suit against Mr. Gilhuly raised legal and factual arguments that were essentially identical to and included within those which respondent had already raised in the Orleans Parish lawsuit filed in March 2010.[6] The suit was dismissed by Judge Madeleine Landrieu in December 2010, who over respondent's objection granted Mr. Gilhuly's exception of lack of personal jurisdiction.[7] Respondent appealed the trial court's judgment. On July 20, 2011, the court of appeal affirmed. *Bandaries v. Gilhuly*, 11-0259 (La. App. 4th Cir. 7/20/11), 66 So. 3d 89 (not designated for publication).

---

[6] The suit alleges six causes of action – conspiracy, intentional and fraudulent misrepresentation, detrimental reliance, conversion, fraud, and unjust enrichment – all stemming from an alleged scheme between Mr. Gilhuly and Ms. Cassidy that purportedly allowed Mr. Gilhuly to profit from the advances respondent had made to Ms. Cassidy.

[7] In written reasons for judgment, Judge Landrieu concluded that Mr. Gilhuly does not have the requisite minimum contacts with the State of Louisiana to establish personal jurisdiction over him.

**DISCIPLINARY PROCEEDINGS**

In February 2013, the ODC filed one count of formal charges against respondent, alleging that he engaged in a pattern and practice of filing repetitive, harassing, burdensome, and frivolous lawsuits, appeals, and writs against Ms. Cassidy.[8]  The ODC alleged that such conduct violated Rules 3.1 (meritorious claims and contentions), 4.4(a) (in representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.

Respondent answered the formal charges and denied any misconduct, asserting that he simply filed what he believed were well-founded claims against someone who had taken money from him and refused to repay it.  Respondent acknowledged that sanctions were imposed in two of the lawsuits referenced in the formal charges; however, he pointed out that the sanctions were contested in good faith, and when they became final, they were paid.  Respondent argued that the mere fact that a legal argument is rejected by a court or that sanctions are imposed "does not automatically translate into a violation" of the ethical rules.

*Formal Hearing*

This matter proceeded to a formal hearing on the merits, conducted by the hearing committee in December 2013.  Both parties introduced documentary evidence consisting of the court records of the six lawsuits at issue in the formal charges.  The ODC presented the testimony of two witnesses: attorney Julie White,

---

[8] To cure an exception of vagueness filed by respondent and granted by the disciplinary board, the ODC supplemented and amended the formal charges in June 2013.

who testified briefly regarding her role in preparing the complaint against respondent; and attorney Fred Herman, counsel for Ms. Cassidy and Mr. Gilhuly in the lawsuits at issue in the formal charges.[9] Mr. Herman testified that Ms. Cassidy incurred approximately $80,000 to $90,000 in legal fees in defending the litigation filed by respondent.[10]

Respondent testified on his own behalf and on cross-examination by the ODC. Respondent additionally presented the testimony of the following witnesses: attorney Dane Ciolino, co-counsel for respondent and his law firm in the two lawsuits filed in Civil District Court; attorney Edward Moreno, formerly an employee of respondent's law firm, who represented respondent, the law firm, and Echelon in the underlying lawsuits; attorney Billy West, a Natchitoches lawyer who was co-counsel for respondent and Echelon in the lawsuits filed in Natchitoches; and attorney Mary Claire Trimble, an employee of respondent's law firm, who represented respondent, the law firm, and Echelon in the underlying lawsuits. Each of respondent's witnesses testified that in their opinion all of the lawsuits and pleadings in which they were involved were well researched and based in fact and law. The attorneys also strenuously maintained that the underlying litigation was filed in good faith and was not instituted for any improper purpose or to harass Ms. Cassidy, but simply to recoup the funds she owed respondent.

*Hearing Committee Report*

After considering the testimony and evidence presented at the hearing, the hearing committee made factual findings which are generally consistent with the underlying facts set forth above. Based on these facts, the committee determined

---

[9] Neither Ms. Cassidy nor Mr. Gilhuly testified before the hearing committee.

[10] There is no documentation in the record supporting Mr. Herman's testimony.

that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Specifically, the committee stated the following with respect to each alleged violation of the Rules of Professional Conduct:

Rule 3.1 – The committee found respondent violated Rule 3.1 in the filing of the suit captioned *Nathen Bandaries v. Joanna Cassidy*, No. 83345 on the docket of the 10th JDC (filed April 19, 2010). At the time of this filing, respondent's suit against Ms. Cassidy was pending in Orleans Parish and had not been dismissed. The claims in the 10th JDC were the same claims as made in the Civil District Court case and there was no basis in either fact or law for the second filing against Ms. Cassidy. Furthermore, it is readily apparent that all claims made in the three Natchitoches suits against Ms. Cassidy could have, and likely should have, been handled in the initial litigation filed by respondent in the Civil District Court. Additionally, the litigation filed against Mr. Gilhuly, Ms. Cassidy's agent, had no basis in either fact or law.

Rule 4.4(a) – The committee found respondent violated Rule 4.4(a) in the filing of the suit against Mr. Gilhuly. As an attorney, respondent should have known that no claims lay against the agent for Ms. Cassidy. The committee concluded there could not have been a substantial purpose for the filing and appeal of this litigation other than to burden Mr. Gilhuly.

Rule 8.4 – The committee found respondent violated Rule 8.4(a) by causing or instructing Mr. Moreno to file some of the multiple suits against Ms. Cassidy. Although Mr. Moreno testified that his signature appeared on at least one of the initial pleadings and on other submissions, it is clear that respondent was the director or instigator of the pleadings, which were filed in violation of the Rules of Professional Conduct. Respondent's actions in these multiple filings were deceitful, misleading, and without reasonable justification, in violation of Rule 8.4(c), and prejudicial to the administration of justice, in violation of Rule 8.4(d).

8

The dispute between respondent and Ms. Cassidy likely could have been resolved sooner but for respondent's actions in filing the multiple matters.

Considering the ABA's *Standards for Imposing Lawyer Sanctions*, the committee determined that the applicable baseline sanction is suspension. In aggravation, the committee found multiple offenses and respondent's "abuse of the legal system." The committee did not specifically address whether any mitigating factors are present.

After further considering this court's prior jurisprudence involving similar misconduct, the committee recommended respondent be suspended from the practice of law for one year, with all but three months deferred, subject to the condition that respondent avoid future misconduct.

Both respondent and the ODC filed objections to the hearing committee's report.

*Disciplinary Board Recommendation*

After review, the disciplinary board determined that the hearing committee's factual findings are not manifestly erroneous and are supported by the record. The board also agreed that the committee correctly applied the Rules of Professional Conduct, as follows:

Rule 3.1 – This rule requires that a lawyer refrain from bringing a proceeding unless there is a basis in law and fact for doing so that is not frivolous. Here, on March 24, 2010, respondent filed suit against Ms. Cassidy in Orleans Parish Civil District Court, alleging breach of the contract executed on February 3, 2009 and claiming that he had made $33,744.14 in advances/loans to Ms. Cassidy in connection with that contract. Respondent alleged in this petition that proper venue was Orleans Parish, as dictated by the contract. On April 19, 2010, while the Orleans Parish suit was still pending, respondent filed suit against Ms. Cassidy

in the 10th JDC, alleging breach of an "agreement" entered into on December 14, 2008. The petition does not mention the February 3, 2009 contract, but the remaining allegations are nearly identical to the allegations in the Orleans Parish suit, including the $33,744.14 in advances/loans. The 10th JDC suit was dismissed on July 19, 2010 pursuant to an exception of *lis pendens* filed by Ms. Cassidy. Respondent then filed a motion for new trial in the 10th JDC matter; however, before the court ruled on the new trial motion, on August 23, 2010, respondent filed suit against Ms. Cassidy in the Natchitoches City Court seeking repayment of a $10,000 loan. The allegation regarding the $10,000 loan was also contained in the Orleans Parish suit and in the 10th JDC suit. Ultimately, the Natchitoches City Court suit was dismissed on November 15, 2010 pursuant to an exception of *lis pendens* filed by Ms. Cassidy.

The board determined that these three suits contained allegations that were based upon the same facts and sought the same recovery. The Orleans Parish suit and the 10th JDC suit were nearly identical until respondent amended the Orleans Parish suit on July 14, 2010. The Natchitoches City Court suit was based upon one of the allegations in the 10th JDC suit (the $10,000 loan). The Natchitoches City Court suit was filed after the 10th JDC suit was dismissed, but before the 10th JDC ruled on respondent's motion for new trial. The Natchitoches City Court sanctioned respondent $2,500 for filing harassing litigation. Respondent was also sanctioned $2,500 by the Third Circuit Court of Appeal for filing a frivolous appeal of the Natchitoches City Court suit. These facts demonstrate that respondent filed duplicative and frivolous litigation which caused a significant burden to Ms. Cassidy. Accordingly, the board found the record supports the conclusion that respondent violated Rule 3.1.

Rule 4.4(a) – This rule states, in pertinent part, that when representing a client a lawyer shall not use means that have no substantial purpose other than to

embarrass, delay, or burden a third person. Here, on September 27, 2010, respondent filed suit in Orleans Parish against Bernard Gilhuly, Ms. Cassidy's agent. The suit sought recovery of the advances/loans made to Ms. Cassidy that were the basis of the Orleans Parish, 10th JDC, and Natchitoches City Court lawsuits. The suit against Mr. Gilhuly was ultimately dismissed for lack of personal jurisdiction. The committee found there could not be a substantial purpose to this litigation other than to harass Mr. Gilhuly, and the board agreed with this finding. Therefore, the board determined that the record supports the conclusion that respondent violated Rule 4.4(a).

Rule 8.4(a) – This rule states that it is professional misconduct to violate or attempt to violate the Rules of Professional Conduct. By directing others to file frivolous litigation on his behalf, and by his other violations of the rules, the board determined that respondent violated Rule 8.4(a).

Rules 8.4(c) and (d) – Rule 8.4(c) states that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. Rule 8.4(d) states that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice. By filing duplicative litigation, as described above, respondent engaged in dishonest conduct. Furthermore, respondent's conduct unnecessarily burdened multiple courts and Ms. Cassidy. Thus, the board found respondent violated Rules 8.4(c) and (d).

The board determined respondent violated duties owed to the legal system and the profession, causing actual financial harm to Ms. Cassidy in the form of legal fees and costs incurred by having to defend against the frivolous filings. His conduct also burdened various courts with unnecessary litigation. Respondent's conduct was knowing, if not intentional. Considering the ABA's *Standards for*

11

*Imposing Lawyer Sanctions*, the board determined that the applicable baseline sanction is suspension.

In aggravation, the board found the following factors: a prior disciplinary record,[11] a dishonest or selfish motive, a pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law (admitted 1998). The board found the only mitigating factor supported by the record is the imposition of other penalties or sanctions in the form of the sanctions respondent received in the underlying litigation.

Turning to the issue of an appropriate sanction, the board agreed that the sanction recommended by the committee is appropriate. Accordingly, a majority of the board recommended that respondent be suspended from the practice of law for one year, with all but three months deferred, followed by a one-year period of unsupervised probation. The board recommended that the probation be conditioned upon respondent avoiding future misconduct. Three board members dissented and would recommend harsher discipline.

Both respondent and the ODC filed objections to the disciplinary board's recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).

## DISCUSSION

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. *In re: Banks*, 09-1212 (La.

---

[11] Respondent was admonished by the disciplinary board in April 2010 for neglecting a legal matter and engaging in conduct prejudicial to the administration of justice.

12

10/2/09), 18 So. 3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. *See In re: Caulfield*, 96-1401 (La. 11/25/96), 683 So. 2d 714; *In re: Pardue*, 93-2865 (La. 3/11/94), 633 So. 2d 150.

Because much of this case turns on respondent's motives and credibility, we place great emphasis on the findings of the hearing committee on these issues. The three members of the hearing committee had the opportunity to see and hear the witnesses, including respondent, who testified in this matter. Unlike the disciplinary board and this court, the hearing committee was not disadvantaged by the review of a cold record and is in a superior position to observe the nuances of demeanor evidence not revealed in a record. *See, e.g., In re A.J.F.*, 00-0948 (La. 6/30/00), 764 So. 2d 47; *Adkins v. Huckabay*, 99-3605 (La. 2/25/00), 755 So.2d 206.

The hearing committee concluded that respondent brought the Natchitoches litigation against Ms. Cassidy for the purpose of harassing her, and that there was no basis in fact or law for these suits. The committee found likewise with regard to the lawsuit against Mr. Gilhuly. Although respondent argues in brief that the testimony of his witnesses supports a contrary conclusion, we have observed in a civil context that where the fact finder is presented with two permissible views of the evidence, the fact finder's choice between them is not clearly wrong. *Rosell v. Esco*, 549 So. 2d 840 (La. 1989). We are the trier of fact in bar disciplinary cases, but we are not prepared to disregard the credibility evaluations made by those committee members who were present during the hearing and who so ably serve as our "eyes and ears." *In re: Bolton*, 02-0257 (La. 6/21/02), 820 So. 2d 548. Therefore, we cannot say the hearing committee was clearly wrong when it determined, based on its credibility determinations, that respondent pursued claims

13

against Ms. Cassidy and Mr. Gilhuly with no good faith basis for doing so and to harass Ms. Cassidy.

Based on these facts, respondent violated Rules 3.1 and 4.4(a) of the Rules of Professional Conduct, and engaged in conduct prejudicial to the administration of justice, in violation of Rules 8.4(a) and (d). Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

Respondent knowingly violated duties owed to the legal system and the profession, causing actual financial harm to Ms. Cassidy. His conduct also burdened various courts with unnecessary litigation. The baseline sanction for this type of misconduct is suspension. The record supports the aggravating and mitigating factors found by the board.

Considering the unique circumstances of this case, we find a downward deviation from the baseline sanction is warranted. Accordingly, we will publicly reprimand respondent.

**DECREE**

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Madro Bandaries, Louisiana Bar Roll number 25339, be and he

hereby is publicly reprimanded. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

# SUPREME COURT OF LOUISIANA

## NO. 14-B-1435

## *IN RE: MADRO BANDARIES*

## ATTORNEY DISCIPLINARY PROCEEDINGS

Victory, J., dissents and would impose a harsher sanction on respondent.

**12/09/14**

# SUPREME COURT OF LOUISIANA

## NO. 14-B-1435

## IN RE: MADRO BANDARIES

*ATTORNEY DISCIPLINARY PROCEEDINGS*

**WEIMER, J.**, dissenting.

I respectfully dissent. I believe a harsher sanction would be appropriate. See,

**In re: Miniclier**, 11-1859 (La. 11/4/11), 74 So.3d 687.